IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 26, 2002

## MICHAEL RUSSO v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-B-885     Cheryl Blackburn, Judge**

---

**No. M2001-02746-CCA-R3-PC - Filed March 28, 2003**

---

The petitioner, Michael Russo, filed a petition for post-conviction relief alleging the ineffective assistance of counsel. The post-conviction court denied the petition and the petitioner timely appealed. Finding no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

David M. Hopkins, Nashville, Tennessee, and Jesse N.H. Bacon, Madison, Tennessee, for the appellant, Michael Russo.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On January 14, 1998, the petitioner was convicted of the first degree premeditated murder of his wife. See Michael Russo v. State, No. M2000-00919-CCA-R3-PC, 2001 WL 605156, at *1 (Tenn. Crim. App. at Nashville, June 5, 2001). Pertinent to the instant issue, the petitioner claimed at trial that he and his wife had argued and "she brandished a knife, causing him to pin her against the wall in self-defense." State v. Michael J. Russo, No. 01C01-9803-CR-00108, 1999 WL 135049, at *1 (Tenn. Crim. App. at Nashville, Mar. 15, 1999). He maintained that "his wife had slapped him and cut his face with the knife in the course of their confrontation." Id. The petitioner contended that he cocked a handgun to frighten his wife, which gun discharged into her face when she pushed him. Id. Contrary to the petitioner's testimony, his daughter, Carmella Russo, who witnessed the offense, testified at trial that during the argument the petitioner

> "went to go get a knife and was telling [the victim] if she was so big
> and bad, why didn't she cut him." The victim threw the steak knife
> to the floor, and [the petitioner] picked it up, bent the blade, and
> threw it at her, hitting her in the stomach. Then, "she built up enough
> nerve to push him off of her, and he caught hi[m]self in the doorway
> . . . and went into the other room and got the gun."

Id. at *2. As a result of his conviction for first degree murder, the petitioner was sentenced to life imprisonment without the possibility of parole. Russo, No. M2000-00919-CCA-R3-PC, 2001 WL 605156, at *1. This court affirmed his conviction on direct appeal. See Russo, No. 01C01-9803-CR-00108, 1999 WL 135049, at *1.

Subsequently, the petitioner filed for post-conviction relief, raising several complaints regarding the ineffectiveness of counsel, including whether counsel was ineffective by losing exculpatory photographic evidence which would have demonstrated that the petitioner acted in self-defense. Russo, No. M2000-00919-CCA-R3-PC, 2001 WL 605156, at *1. The post-conviction court denied this petition. Id. On appeal, this court explained that the "chronology of these photographs is that they were given by the petitioner to trial counsel but he misplaced them, not finding them until after both the trial and the hearing on the post-conviction petition." Id. at *5. Upon consideration of the record, this court affirmed the judgment of the post-conviction court in all but one respect: we remanded for the post-conviction court to reexamine the petitioner's claim regarding the questioned photographs. Id. at *10. On remand, the post-conviction court examined the photographs and again determined that the petitioner suffered no prejudice from the loss of the photographs. Again, the petitioner timely appealed.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

> On remand, the post-conviction court stated:
> At the time of my original ruling, . . . I found no prejudice because,
> in fact, the testimony didn't come in front of the jury, and Ms. Neal's
> testimony that she observed blood on [the petitioner's] shirt and his
> face. These photographs don't even show blood. They just show
> that, in fact, there were scratches. There were several witnesses who

indicate, Mr. Russo testified to this, so this information came in front of the jury, so my ruling is going to be the same, and that is there's been no prejudice demonstrated for me to find–I mean, it's a two-prong test. [Counsel] was ineffective, and did it have any prejudice? I don't even have to go to the ineffectiveness because I find no prejudice, and I did that analysis when I didn't have the photographs. I do that analysis now when I do have the photograph, because I don't believe this would have made any difference at all in that verdict. They do show scratches, not tremendous scratches, just that they are on his face to corroborate. Same analysis, so I'm going to deny that.

This court noted in the petitioner's previous post-conviction appeal that, at the petitioner's trial, witness Anita Neal testified that she saw spots of blood on the petitioner's shirt. Russo, No. M2000-00919-CCA-R3-PC, 2001 WL 605156, at *5. Additionally, Neal maintained that she did not recall telling Detective Hullet that she had seen blood on the petitioner's face; however, Neal admitted that, because her memory would have been better at the time of the statement than at trial, if her statement said there was blood on the petitioner's face, then her statement was correct. Id. This court further noted that, at trial, witness Gene Sims testified that the petitioner "'looked like he had been in a fight. His face was bleeding and stuff.'" Id. Sims believed that the petitioner had scratches on his face. Id. at *6. The petitioner also testified at trial that his wife cut his face during the struggle that ended in her death. Russo, No. 01C01-9803-CR-00108, 1999 WL 135049, at *1. Thus, as the trial court determined, even without the admission of the photographs the jury was made aware of the injuries the petitioner claimed to have sustained during the offense, supporting his theory of self-defense. See State v. John M. Bachelor, No. E2000-01004-CCA-R3-CD, 2001 WL 775609, at *7 (Tenn. Crim. App. at Knoxville, July 11, 2001), perm. to appeal denied, (Tenn. 2001); Jimmy Lee Pierce v. State, No. W2000-00630-CCA-R3-PC, 2000 WL 1664893, at **3-4 (Tenn. Crim. App. at Jackson, Nov. 2, 2000). The petitioner has not met his burden of establishing prejudice by clear and convincing evidence. This issue is without merit.

### III. Conclusion
Finding no error, we affirm the judgment of the post-conviction court.

_____

NORMA McGEE OGLE, JUDGE